IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSEPH MICHAEL MAY                                                                                        PLAINTIFF

v.                                    Civil No. 5:25-cv-05076-CDC

JOHN OR JANE DOE, Employees Over
Inmate Accounts, Washington County
Detention Center; SHERIFF JAY
CANTRELL, Washington County, Arkansas;
and JOHN and JANE DOE, Employees Over
Inmate Account, Karas Correctional Health,
PLLC                                                                                                        DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by Joseph M. May ("May") pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. May contends his constitutional rights were violated when the funds his family sent to his inmate account were deducted by employees of the Washington County Detention Center (WCDC) or employees of Karas Correctional Health.

The case was directly assigned to the undersigned Magistrate Judge. However, because not all parties to the action have consented to the jurisdiction of the undersigned, and May's claims require dismissal, the Court enters its findings as a Report and Recommendation and the case will automatically be reassigned to United States District Judge Timothy L. Brooks. 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

May is incarcerated in the WCDC on a probation revocation. (ECF No. 1 at 2). Whenever his family deposits funds into his inmate account so that he will be able to phone them or buy underclothes, May alleges that the deductions are made from the funds by the WCDC. *Id.* at 4. In fact, he says his account is left with a negative balance. *Id.* at 4-5. He alleges the officers in accounting have deprived him of the gifted money. *Id.* at 5. Among other things, May indicated he is charged a $4 "lock down" fee on each deposit. *Id.*

May also believes the medical clerks of Karas Correctional Health, PLLC deducted funds from his account. (ECF No. 1 at 6). Having been deprived of the gifted money, May alleges he could not call his family or purchase deodorant or underclothes. *Id.*

As relief, May seeks compensatory and punitive damages. (ECF No. 1 at 9). May believes he is entitled the return of the gifted money. *Id.*

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987);

*In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

First, to the extent the Complaint can be read to be asserting a First Amendment claim, it fails. Jails have no constitutional obligation to provide telephone services for those in their custody. *Holloway v. Magness,* 666 F.3d 1076, 1079-81 (8th Cir. 2012). Thus, charging for telephone service does not by itself violate the constitution. *Id.* The First Amendment is not violated so long as prisoners can communicate with their family through other means such as writing or visitation. *Id.*

Second, it is constitutional to charge prisoners for medical care, so long as they are not denied treatment due to an inability to pay. *See e.g., Roberson v. Bradshaw,* 198 F.3d 645, 647 (8th Cir. 1999). May has not alleged he was denied treatment. May does not allege he was

3

charged for medical services he was not provided. Nor has May alleged any of the Defendants exhibited deliberate indifference to his serious medical needs.

Third, to the extent May contends the deductions were not authorized, the claim fails. The Due Process Clause of the Fourteenth Amendment provides that '[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law.'" *Walters v. Wolf*, 660 F.3d 307, 311 (8th Cir. 2011) (*quoting* U.S. Const. Amend. XIV, § 1). "Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the . . . Fourteenth Amendment." *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976) (internal quotation marks omitted). "In some circumstances . . . the Court has held that a statutory provision for a postdeprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process." *Zinermon v. Burch*, 494 U.S. 113, 128 (1990). Specifically, when the deprivation is the result of a random and unauthorized act and not pursuant to some established state procedure, the Court has held that "adequate postdeprivation remedies satisfy the requirements of due process." *Walters*, 660 F.3d at 312 (citations omitted). "The loss of property . . . is in almost all cases beyond the control of the State, in most cases it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation." *Id.*

Thus, even if Defendants intentionally deprived May of the gifted funds, a post-deprivation remedy is all the process May is due. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available). Arkansas law provides such a post-deprivation remedy through an action for

4

conversion.  *See e.g., Elliott v. Hurst*, 817 S.W.2d 877, 880 (Ark. 1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right).

## IV.  CONCLUSION

For the reasons stated above, I recommend that:

(1)  the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**Status of Referral:  The referral will terminate upon the filing of this Report and Recommendation.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 2nd day of June 2025.

*s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE